# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# at LEXINGTON

**Civil Action No. 20-345-HRW**

AMYRACHELLE KELLEY-WILSON,
O.B.O. ROBERT LEE WILSON,                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,                             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Robert Wilson's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Robert Wilson filed an application for supplemental security income benefits In October 2017, alleging disability beginning in the prior November, due to numerous impairments including seizures, low back pain and sciatica, chest pain, shortness of breath, nerve pain (neuropathy), memory problems, depression, and anxiety (Tr. 205). This application was denied initially and on reconsideration.

Wilson died on June 4, 2018 after suffering a myocardial infarction (Tr. 490). His wife Amy R. Kelley-Wilson (hereinafter "Plaintiff") substituted as the he Plaintiff in this case.

Thereafter, upon request by Plaintiff, an administrative hearing was conducted by

Administrative Law Judge Jonathon Stanley (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Robert Wilson was not disabled from the date of his application (October 2017) through the date of his death (June 2018) (Tr. 15-26). He was 41 years old at the time of his application. He had a high school education and had no past relevant work (Tr. 206).

At Step 1 of the sequential analysis, the ALJ found that Robert Wilson had not engaged in substantial gainful activity since the date of his application.

The ALJ then determined, at Step 2, that Plaintiff suffers from coronary artery disease with history of myocardial infarction, status post stent placement, hypertension, obesity,

degenerative disc disease of the lumbar spine with radiculopathy and sciatica, chronic pain syndrome, diabetes mellitus, type II with neuropathy, seizure disorder, obstructive sleep apnea, major depressive disorder, anxiety disorder, and panic disorder with agoraphobia. which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that his impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that he had no past relevant work but determined that he had the residual functional capacity ("RFC") to perform a range of light work, with the following limitations: occasionally climb stairs and ramps, but could not climb ropes, ladders, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; had to avoid concentrated exposure to temperature extremes, pulmonary irritants and vibration; could not work at unprotected heights or around hazards, such as heavy equipment; could understand, remember, and carry out simple instructions and make simple work-related judgments; can maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision; could manage and tolerate simple changes in the workplace routine; could adapt to the pressures of simple routine work; and the claimant could interact occasionally with supervisors and coworkers in a non-public work setting. (Tr. 20)

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, such as office helper, inspector, tester, grader, or sorter, or laborer.

Accordingly, the ALJ found Robert Wilson not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision

as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because he failed to fully develop the required record. Specifically, she alleges that ALJ improperly relied upon the opinions of P. Saranga, M.D., Jane Brake Ph.D. and Michelle Bornstein, Psy.D. Plaintiff also

contends that the ALJ should have obtained additional opinion evidence.

  **C.**  **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that ALJ improperly relied upon the opinions of P. Saranga, M.D., Jane Brake Ph.D. and Michelle Bornstein, Psy.D.

  **1. Dr. Saranga**

State agency physician P. Saranga, M.D., reviewed Wilson's medical records in January 2018 and indicated that he could only lift and carry 20 pounds occasionally and 10 pounds frequently; could frequently (rather than constantly) perform most postural activities (but never climb ladders, ropes, or scaffolds); and should avoid concentrated exposure to temperature extremes and vibration and all exposure to hazards (Tr. 105-08). The ALJ incorporated this opinion into the RFC.

Plaintiff argues that this opinion should not have been deemed "persuasive" but, rather, considered "stale." She contends that Dr. Saranga did not have access to all records regarding Wilson's history of seizures and heart issues. Yet, a review of the records reveal that it did, in fact, contain evidence of Wilson's history of heart problems, including notes pertaining to a heart attack, as well as treatment notes pretraining to seizures.   Indeed, Dr. Sangara explicitly referenced these notes. It is also clear that Dr. Sangara understood that Wilson did have issues with his heart and seizures, as reflected in his opinion.   The Court finds no error in the ALJ's consideration of Dr. Sangara's opinion.

  **2. Dr. Brake and Dr. Bornstein**

In late 2017, psychologists Jane Brake, Ph.D., and Michelle Bornstein, Psy.D., independently reviewed Wilson's medical records and agreed that he had some moderate

5

work-related mental limitations but could perform simple work and interact frequently with peers and supervisors and occasionally with the public (Tr. 88 91, 108-10).

Plaintiff similarly claims that Dr. Brake's and Dr. Bornstein's mental findings were "stale" because they did not have access to all of Wilson's mental treatment records. Dr. Brake and Dr. Bornstein, however, both noted Wilson's history of treatment for depression and anxiety and found that he had work-related mental limitations stemming from these impairments but could perform simple work with reduced interaction with others (Tr. 84-85, 88-91, 103-04, 108-110). Moreover, the ALJ included stricter limitations that those found by Dr. Brake's and Dr. Bornstein; the RFC includes severe limitation of Wilson's ability to interact with others and the level of sophistication of the work of he was capable. It is unclear what Plaintiff claims is erroneous. The Court finds no error in this regard.

Plaintiff also contends that the ALJ should have obtained additional opinion evidence. However, the decision as to whether to seek additional expert opinions is within the ALJ's discretion. 20 C.F.R. § 416.927(e)(2)(iii). To the extent that Plaintiff maintains that there was not enough evidence, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 2nd day of July 2021.

Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**